IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:14-CR-160-BR-3

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING TRIAL** |
| | ) | |
| JUSTIN CHRISTOPHER MCKNIGHT, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of a narcotics detective with the Fayetteville Police Department. Defendant presented the testimony of a proposed third-party custodian, his father. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure the appearance of defendant and by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

## Background

Defendant was charged in 8 counts of an 18-count indictment returned on 29 July 2014 with: one count of conspiracy to distribute 100 grams or more of a substance containing heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (ct. 1); three counts of distribution of heroin and, in two of such counts, aiding and abetting the same, in violation of 21 U.S.C. § 841(a)(1) and 18

U.S.C. § 2 (cts. 8, 11, 15); three counts of using a communication facility, namely a telephone, to facilitate the drug conspiracy and acts of distribution, in violation of 21 U.S.C. § 843(b) (cts. 10,[1] 14, 16); and one count of possession with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 841(a)(1) (ct. 17). The alleged conspiracy occurred from about October 2012 to 1 April 2013, and the other offenses from 27 March 2012 to 1 April 2013.

The evidence presented at the hearing showed that the charges arise from defendant's participation as a courier in large, sophisticated heroin trafficking organization operating in eastern North Carolina. The organization operated out of rooms at mid to upper level hotels and provided couriers rental cars for use in the drug trafficking. The couriers were essentially on a salary from the organization. The organization had what was called a "dope line" whereby customers could order distribution amounts of heroin, which the couriers would then deliver to them.

Defendant participated in three controlled sales of heroin to a confidential informant. In addition to evidence of these transactions, police recovered heroin, bulk currency, and drug paraphernalia from a hotel room defendant used in connection with the 1 April 2013 controlled sale (*see* ct. 15).

Defendant was arrested on the instant federal charges on 10 August 2014. The arresting agent found defendant, as well as the two men with him, to be under the influence of a substance. At the time, defendant was on pretrial release in the state case against him arising from the offense conduct alleged in the instant case.

---

[1] Count 10 identifies the person charged in that count as "Joshua Christopher McKnight." (Indict., ct. 10) (emphasis added). Defendant's name is "Justin Christopher McKnight." (*See, e.g., id.*, ct. 1) (emphasis added). While for purposes of this order the court has assumed that this apparent typographical error will be corrected, the court's analysis would be the same even if count 10 were disregarded.

## Discussion

Given the nature of the charges, the rebuttable presumption of detention in 18 U.S.C. § 3142(e)(3) applies, and the court has considered it, although defendant proffered sufficient evidence to shift the burden of production to the government. In addition to the presumption, the principal findings and reasons underlying the court's determination that detention is required include the following: evidence showing that the government has a strong case, including the evidence reviewed above; the drug-related nature of the offenses charged; the circumstances of the offenses charged, including the sophisticated nature of the organization in which defendant participated, the quantity of heroin involved, defendant's relatively central role in the organization, and the substantial prison term defendant faces if convicted; defendant's longstanding status as a heroin addict, reporting that he has used heroin daily for approximately the last four years, and the ineffectiveness of prior treatment for his addiction; defendant's apparent use of a controlled substance while on state pretrial release on 10 August 2014; the unsuitability of the proposed third-party custodial arrangement due to the extent of the risk of flight and danger defendant presents, and the regular absence of the otherwise well-qualified proposed custodian from the home for fulltime work; and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating. It finds, however, that the factors favoring detention outweigh such evidence. For example, although defendant has an employment history as a plumber and the possibility of employment if released, the record indicates that employment did not deter defendant from participation in drug-trafficking activity. In addition, defendant does not have an aggravated criminal record. But his extensive

participation in the alleged drug organization tends strongly to negate any inference from this criminal record that he has due respect for the law.

The court has also considered the recommendation in the pretrial services report that defendant be released. That report, however, was prepared without the benefit of the evidence presented at the hearing showing that release of defendant would not be proper.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 14th day of August 2014.

_____
James E. Gates
United States Magistrate Judge

4
Case 5:14-cr-00160-BR   Document 29   Filed 08/18/14   Page 4 of 4